## Bowden Construction Company v. Hagenbuch.

*Practice—Statement of claim—Conciseness—Evidence set forth.*

1. The statement of claim will be stricken off when it is prolix, lacks conciseness and contains some of the evidence upon which the plaintiff intends to rely to establish his claim.

2. It is only in actions founded upon express contracts that the statement of claim must show whether the contract is oral or written.

Motion to strike off statement. C. P. Schuylkill Co., Nov. T., 1923, No. 106.

*R. P. Swank,* for motion; *Ellis & Whalen,* contra.

BERGER, J., Nov. 10, 1924.—This is a motion to strike off the plaintiff's statement of claim based upon the allegations: (1) that it is not concise and summary in form; (2) that it contains the evidence by which the claim is to be proved; and (3) that it does not state whether the contract upon which the action is founded is oral or written. Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires the material facts upon which a party relies to establish his cause of action to be stated in a concise and summary form; and section 9 of that act requires a statement of claim to be as brief as the nature of the case will admit; and, also, in actions on contracts, that it shall state whether the contract is oral or written. The present statement is prolix, lacks conciseness and contains at least some, if not all, of the evidence upon which the plaintiff intends to rely to establish his claim. Therefore, the motion to strike it off must be sustained upon the first and second grounds alleged.

This is the second statement of claim which the plaintiff has filed, the first having been stricken off on motion of the defendant: Bowden Construction Co. *v.* Hagenbuch, 20 Schuyl. Legal Rec. 210; 5 D. & C. 316. The present statement of claim is intended to set forth a cause of action upon an account stated, that is, upon an account which has been examined and approved by the defendant. It is entirely clear from the statement filed that the controversy between the parties to this action did not have its origin in an express contract. An action upon an account stated is founded upon an implied promise that he against whom the balance appears has engaged to pay it to the other, although there be no actual promise. It is only in actions founded upon express contracts that the statement of claim must show whether the contract is oral or written. The third reason assigned for striking off the statement is, therefore, without merit.

And now, Nov. 10, 1924, the rule to show cause why the plaintiff's statement of claim should not be stricken off is hereby made absolute.

From M. M. Burke, Shenandoah, Pa.